IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:14-CR-30181-NJR-17 |
| ARMANDO MEDINA, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Defendant Armando Medina has filed a *pro se* Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 865). Medina is serving a 180-month sentence for conspiracy to distribute and possession with intent to distribute controlled substances. (Doc. 823). His anticipated release date is August 19, 2031.[1]

In his motion, Medina, age 34, asserts the COVID-19 and Mpox viruses, as well as his exceptional rehabilitation, constitute extraordinary and compelling circumstances warranting a reduction of his sentence. Medina also references the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022).

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under the "compassionate release" exception to this rule, however, the court may "reduce a prison sentence if, 'after considering the factors set forth in section 3553(a) to the extent that they are applicable,' it finds

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited June 2, 2023).

'extraordinary and compelling reasons warrant[ing] such a reduction.'" *United States v. Sanders*, 992 F.3d 583, 587 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Medina's motion has no merit, as he has failed to demonstrate extraordinary and compelling circumstances for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). Medina argues his underlying medical conditions make him more susceptible to serious complications from the COVID-19 and Mpox viruses, but he never says what those serious underlying conditions are. According to his medical records, Medina has high cholesterol, high blood pressure, and GERD (Doc. 868-1 at p. 19), but he has been vaccinated against COVID-19 and has received at least one booster shot. (Doc. 868-2 at p. 44). Because Medina has been vaccinated, the COVID-19 pandemic is not an extraordinary and compelling circumstance justifying a sentence reduction. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (prisoners who can benefit from COVID-19 vaccine cannot rely on pandemic to justify reduced sentence). Nor is Mpox, which the World Health Organization recently declared is no longer a global health emergency.[2]

Medina also claims to have exhibited extraordinary rehabilitation, as he has availed himself of "countless hours of educational courses," has worked for years, and has fostered relationships with fellow inmates and his family members. As noted by the Government, however, Medina's education transcript shows he has not taken any classes while in prison. (Doc. 868-3). His asserted work history and relationship development, while commendable, are neither extraordinary nor compelling circumstances.

---

[2] World Health Organization, https://www.who.int/news/item/11-05-2023-fifth-meeting-of-the-international-health-regulations-(2005)-(ihr)-emergency-committee-on-the-multi-country-outbreak-of-monkeypox-(mpox).

Finally, Medina's brief reference to *Concepcion* is unavailing. In *Concepcion*, the Supreme Court held that district courts may consider intervening changes of law or fact when exercising their discretion to reduce sentences for eligible defendants under § 404(b) of the First Step Act. 142 S. Ct. at 2404. *Concepcion* is of no help to Medina, as it concerns inmates who have already been found eligible for resentencing. *See United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022). To be eligible for resentencing under 18 U.S.C. § 3582(c)(1)(A), Medina must first demonstrate "extraordinary and compelling circumstances" for a sentence reduction. Because he has not done so, *Concepcion* does not apply here.

Medina has failed to present any "extraordinary and compelling" circumstances that would allow the Court to reduce his sentence. Thus, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), and the Court need not address the § 3553(a) sentencing factors.

For these reasons, the Motion for Reduction of Sentence Pursuant to § 3582(c)(1)(A) filed by Defendant Armando Medina (Doc. 865) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   June 2, 2023

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**